IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-02224-CMA-MJW

CHARLES SCHWAB & CO., INC.

        Plaintiff,

v.

JEFF SIBEL

        Defendant.

---

## FINAL CONSENT ORDER

AND NOW, this 29th day of September, 2010, upon consideration of the notice of settlement and request for entry of this Final Consent Order filed by Plaintiff Charles Schwab & Co., Inc. ("Plaintiff" or "Schwab") and Defendant Jeff Sibel ("Defendant" or "Sibel"), IT IS HEREBY ORDERED THAT THE FOLLOWING TERMS SHALL BE ENTERED AS THE FINAL ORDER OF THIS COURT:

1. The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court further finds that venue is proper in this judicial district under 28 U.S.C. § 1391(a).

2. The parties have advised the Court that they have entered into a Settlement Agreement and Release, and that in an effort to compromise their claims, they request that the Court enter the injunction contained below. Nothing contained herein shall be construed as an admission by any party hereto of any wrongdoing, liability or non-liability of any kind to any other party.

3. Sibel is enjoined, through and including March 22, 2012, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendant's firm, HowToFindAGoodFinancialPlanner.com, LLC (hereafter, "Defendant's Firm"), from:

    (a) soliciting any business from, or initiating any contact or communication with, any customer of Schwab whom Defendant Sibel served at Schwab, and/or any customers whose identities he learned as a result of his employment with Schwab (the "Customers"), including for the purpose of advising any Customers of Defendant's affiliation with his Firm or for the purpose of inviting, encouraging, or requesting the Customers to divert business from Schwab (excluding members of Defendant Sibel's immediate family);

4. Sibel is enjoined, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendant's Firm from:

    (a) using, disclosing, or transmitting for any purpose, including the solicitation or conducting of business or initiation of any contact with Schwab clients, the information contained in the records of Schwab, or other information pertaining to Schwab clients, including, but not limited to, the names, addresses, email addresses, telephone numbers, personal data and financial information of the clients.

5. By and through his signature below, Sibel hereby represents that with the exception of the sixteen Powerpoint presentations he returned to Schwab's

counsel, he did not remove from Schwab, or retain upon his resignation from Schwab, any records or information in any form that he obtained as a result of or during his employment with Schwab (whether in original, handwritten, copied, electronic or other form), specifically including without limitation any records or information concerning clients that Sibel serviced or learned of at Schwab. Sibel does not have in his possession, custody or control any records or information in any form concerning Schwab's business or its customers, nor does he know of the existence of any such information that is currently or was formerly in the possession, custody or control of any other agent or employee of Defendant's Firm. Sibel acknowledges that the veracity of the foregoing representation is indispensably material to Schwab's agreement to enter into this Final Consent Order.

_____
Jeff Sibel

BY CONSENT:

_____ 9/28/2010
Danielle S. Urban, Esquire
Fisher & Phillips, LLP
1999 Broadway, Suite 330
Denver, Colorado 80202

*Attorneys for Plaintiff*

_____ 9/27/
Jonathan Goodman, Esquire       9/27/2010
Frascona, Joiner, Goodman & Greenstein, P.C.
4750 Table Mesa Drive
Boulder, Colorado 80305

*Attorneys for Defendant*

**SO ORDERED.**

September 29, 2010 at 8:58 o'clock a. m.

BY THE COURT:
_____